IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

JOY BUCHMAN,

    Plaintiff,

    v.

CITY OF LA CROSSE,

    Defendant.

ORDER

23-cv-105-wmc

_____

As noted in plaintiff's most recent letter to the court (dkt. #78), the Supreme Court's decision in *Chiles v. Salazar*, 146 S. Ct. 1010 (Mar. 31, 2026), appears to control the outcome of this case. In the *Chiles* decision, the Supreme Court decided that Colorado's conversation therapy law regulated speech in a viewpoint-discriminatory manner, and therefore, the law was subject to strict scrutiny under the First Amendment. The Court further stated that, "[u]nder that test, it is rare that a regulation will ever be permissible." *Id.* at 1021. The Court also addressed standing, holding that Colorado's attempt to narrow construction of its law did not deprive the plaintiff of standing. *Id.* at 1019. However, the Supreme Court did not undertake a strict scrutiny analysis, leaving for the lower courts on remand to determine whether Colorado's law is the least restrictive means of achieving a compelling government interest. *Id.* at 1021.

In this case, La Crosse pressed many of the same arguments in challenging plaintiff's standing and defending its ordinance, which is nearly identical to the one that the Supreme Court rejected in *Chiles*. And, although the Supreme Court did not undertake a strict scrutiny analysis, it stated that the law was "presumptively

1

unconstitutional." *Id.*  Moreover, this court is unaware of any other court accepting the type of evidence presented by La Crosse as sufficient to overcome the presumption of unconstitutionality.  *See Cath. Charities of Jackson, Lenawee, & Hillsdale Ctys. v. Whitmer*, 162 F.4th 686, 696 (6th Cir. 2025); *Otto v. City of Boca Raton, Fla.*, 981 F.3d 854, 868 (11th Cir. 2020).  However, La Crosse may have until July 28, 2026, to notify the court whether it agrees that the *Chiles* decision controls the outcome of this case or whether the city is still advancing the brief strict scrutiny argument it raised at summary judgment.  After receiving La Crosse's response, the court will resolve this case.

Entered this 14th day of July, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge